STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, SS                                      CIVIL ACTION
                                                    DOCKET NO. AP-05-85 \J

                                                    *TED-CUM - 7-4/0*



V & C ENTERPRISES, INC.

      Petitioners

    v.

CITY OF SOUTH PORTLAND,                             **DECISION AND JUDGMENT**

      Respondent
and

BEVERLY MARTIN, DAVID McHUGH,
NANCY McHUGH, and TRISHA LAND,

      Intervenors


This matter before the court is an appeal pursuant to M.R. Civ. P. 80B.

## I. BACKGROUND

On August 8, 2005, petitioner V&C Enterprises ("V&C") purchased a single-family home situated on 9,000 square feet located at 24 McLean Street in South Portland. R. at tab 1, page 3. 24 McLean contains two abutting 4500 square foot parcels that were originally identified as Lots 5 and 7 on the "Plan of Building in South Portland, Maine owned by Albert J. McLean" and recorded in the Cumberland Count Registry of Deeds in April 1920. R. at tab 1, page 3; R. at tab 7, page 135. The single-family home purchased by V&C sits on Lot 7 while Lot 5 remains vacant. R. at tab 1. As such, on August 31, 2005, V&C filed an application for a variance seeking a 500 square foot dimensional variance to construct a single-family house on Lot 5.[1] R. tab 1.

Following a public hearing on September 28, 2005, the City of South Portland

---

[1] The City of South Portland requires lots to be at least 5,000 square feet to construct a home. South Portland, Me., Zoning Ordinance, art. II § 27-7(g) (March 17, 1975).

Zoning Board of Appeals ("ZBA") denied V&C's application for a variance. R. at tab 7, page 182; R. at tab 9. The ZBA found that Lots 5 and 7 merged into a single lot and, as a result, the ZBA did not have the authority to grant the dimensional variance request. R. at tab 6, page 12; R. at tab 7 pages 171-78, 182-83. Consequently, V&C filed a Rule 80B appeal in the Cumberland County Superior Court on November 10, 2005.

## II. STANDARD OF REVIEW

When a ZBA "acts as the tribunal of original jurisdiction as both fact finder and decision maker, [the court] review[s] its decision directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Brackett v. Town of Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 427. In reviewing the ZBA's action, this court "is not free to make findings of fact independently of those found by the municipal zoning authority. It may not substitute its judgment for that of the municipal body." *Mack v. Municipal Officers of Cape Elizabeth*, 463 A.2d 717, 719-20 (Me. 1983). *See also Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 17, 868 A.2d 161, 166. A ZBA's interpretation of municipal ordinance, however, is a question of law subject to *de novo* review. *Nugent v. Town of Camden*, 1998 ME 92, ¶ 7, 710 A.2d 245, 247. Finally, in a Rule 80B action, the burden of persuasion rests with the party seeking to overturn the local decision. *Id.* at 720.

## III. DISCUSSION

The decisive issue in this case is whether Lots 5 and 7 merged. If the lots merged, the ZBA lacked the authority to issue a dimensional variance and correctly denied the petitioner's request. The petitioner argues that the lots did not merge because an exception to the ordinance's merger provision applies.

In pertinent part, Article II § 27-7(f) provides:

Abutting lots in the same ownership and of continuous frontage shall, after January 1, 1978, merge and be consider as one (1) lot for purposes of determining compliance with the space and bulk regulations for the district in which the lots are located, except that the following lots shall not merge and shall be considered as buildable lots as herein provided:

. . . .

(3) Any lot which meets the criteria set forth in subsection (h).

South Portland, Me., Zoning Ordinance, art. II § 27-7(f) (March 17, 1975).

Also, section 27-7(h) provides:

Lots of record in the Cumberland County Registry of Deeds prior to September 20, 1943 in Residential Districts AA, A, G and F shall be at least five thousand (5,000) square feet in area regardless of when the plans of such parcels were recorded or registered.

South Portland, Me., Zoning Ordinance, art. II § 27-7(h)(1) (March 17, 1975).

When interpreting an ordinance, the court first considers the plain meaning of the language of the provisions to be interpreted. *Lewis v. Town of Rockport,* 2005 ME 44, ¶11, 870 A. 2d 107, 110; *Gensheimer v. Town of Phippsburg,* 2005 ME 22, ¶ 22, 868 A.2d 161, 167.

The court can look to regular dictionary definitions for guidance in construing the plain meaning of an ordinance term. *See Bangs v. Town of Wells,* 2000 ME 186, ¶ 19, 760 A.2D 632, 637; *Apex Custom Lease Corp. v. State Tax Assessor,* 677 A.2d 530, 533 (Me. 1996).

It is undisputed that the lots abut each other, have continuous frontage on McLean Street, have been and remain in the same ownership, and are zoned Residential District A. *See* R. at tab 8. Therefore, unless § 27-7(h)(1) excepts the lots, Lots 5 and 7 merged pursuant to § 27-7(f).

The petitioner argues that to determine the underlying meaning of § 27-7(h)'s "shall be," the court should examine the plain meaning of the term as defined in a general dictionary. According to the petitioner, the American Heritage Dictionary

defines "shall be" as indicating simple futurity, e.g., "I shall be 28 tomorrow." Because "shall be" connotes futurity, the petitioner contends the January 1, 1978 date provided in § 27-7(f) is not the applicable date for purposes of determining whether and when Lots 5 and 7 will merge; rather, the square footage requirement will be examined at the time any owner seeks to build upon the lot.

"Shall" and "shall be" are legal terms of art meaning "required to" or "has a duty to." BLACK'S LAW DICTIONARY 1379 (7th ed. 1999). These definitions do not demonstrate futurity, but rather express a present and continuous obligation. Furthermore, pursuant to standards of drafting, using "shall" is only appropriate if it connotes "required to" or "has a duty to." *See id.* at 1380. As drafted and used in 27-7(h)(1) and in several thousand other ordinances, rules, and laws, "shall be" commands or requires compliance with the corresponding phrase.[2] In this case, then, *only* lots of 5,000 square feet will not, although in the same ownership and of continuous frontage, merge into one lot. To hold otherwise would torture the plain meaning of the phrase "shall be."

## IV. DECISION AND JUDGMENT

V&C Enterprises has not provided any evidence or argument that compels this court to reverse of the Board's. The clerk shall make the following entry as the Decision and Judgment of the court.

The decision of the ZBA denying V&C's variance request is affirmed.

SO ORDERED.

DATED: July 14, 2006

Thomas E. Delahanty II
Justice, Superior Court

---

[2] Additionally, in formal American usage, shall expresses "an explicit obligation, as in Applicants shall provide a proof of residence." THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (4th ed. 2000), http://dictionary.reference.com/browse/shall.

Date Filed ___11-10-05___ ___CUMBERLAND___ Docket No. ___AP05-85___
County

Action ___80B APPEAL___

V & C ENTERPRISES INC.

CITY OF SOUTH PORTLAND

Intervenor BEVERLY MARTIN   PII
Intervenor DAVID MCHUGH     PII
Intervenor NANCY MCHUGH     PII
Intervenor TISHA LAND       PII

VS.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jennifer Archer Esq.<br>PO BOX 597<br>Portland ME 04112<br>Timothy Norton, Esq. | Mary Kahl, Esq.<br>P.O. BOX 9422<br>SOUTH PORTLAND, MAINE  04116-9422<br>767-7605<br><br>Michael Martin Esq. (Intervenors)<br>PO BOX 17555<br>Portland ME 04112 |

| Date of Entry | |
|---|---|
| 2005<br>Nov. 14 | Received 11-10-05.<br>Complaint including appeal pursuant to M.R.Civ.P. 80B filed. |
| Nov. 14 | Received 11-14-05:<br>Plaintiff's Motion to Specify Future Course of Proceedings with Incorporated Memorandum filed. |
| Dec. 1 | Received on 12/01/05 :<br>Acknowledgement of Receipt of Summons & Complaint and Acceptance of Service upon defendants to Mary Kahl, Esq. on 11/29/05 filed. |
| Dec. 7 | Received 12-07-05:<br>Defendant, City of South Portland Filed. |
| Dec. 7 | Received 12-07-05:<br>Defendant, City of South Portland's Motion to Dismiss Count II with Incorporated Memorandum of Law filed. |
| "    " | Defendant, City of South Portland's Objection to Plaintiff's Motion to Specify Future Course of Proceedings and Draft Order with Incorporated Memorandum of Law filed. |
| "    " | Request for Hearing on Defendant, City of South Portland's Motion to Dismiss Count II filed. |
| Dec. 27 | Received 12-27-05:<br>Plaintiff's Opposition to Motion To Dismiss filed. |
| Dec 27 | Received 12-27-05:<br>Motion to Intervene of Beverly Martin, David and Nancy McHugh and Tisha Land |
| "    " | Interveners/Parties-In-Interest Answer to Complaint filed. |
| Jan. 24 | On 01-24-06:<br>As to Plaintiff's Motion to Specify Future Course of Proceedings with Incorporated Memorandum. (Delahanty, J.).<br>See Order submitted by Defendant, City of South Portland approved by Court this date. |

continued on next page...............

| Date of Entry | |
|---|---|
| | Docket No. AP-05-85 |

| | |
|---|---|
| 2006<br>June 1 | On 05-31-06:<br>Hearing held on Defendant, City of South Portland Motion to Dismiss and 80B Appeal.<br>Court takes Matter under Advisement<br>Presiding, Justice Thomas Delahanty.<br>Jennifer Archer, Esq. present for V & C Enterprises Inc.<br>Mary Kahl, Esq. present for City of South Portland.<br>James Haddow, Esq. Intervenors.<br>No Record made. |
| July 18 | Received 07-18-06:<br>Decision and Judgment filed. (Delahanty, J.).<br>V&C Enterprises has not provided any evidence or argument that compels this court to reverse of the Board's. The clerk shall make the following entry as the Decision and Judgment of the court. The decision of the ZBA denying V&C's variance request is affirmed. SO ORDERED.<br>On 07-18-06 copies mailed to Michael Martin, Mary Kahl and Jennifer Archer, Esqs., Ms. Deborah Firestone, Goss Mimeograph The Donald Garbrecht Law Library and Loislaw.com, Inc. |

| Date of Entry | |
|---|---|
| | Docket No. ___AP-05-85___ |

**2006**

**Jan. 24**

continued from previous page....................
On 01-24-06 copies mailed to Jennifer Archer and Mary Kahl, Esqs.

**Jan. 24**

Received 01-24-06:
Order Specifying the Future Course of Proceedings filed. (Delahanty, J.).
It is hereby ORDERED that the future course of proceedings in this action shall be as follows: 1. Plaintiff shall submit its Rule 80B Appeal brief within forty (40) days from the date of this Order. The Defendant shall submit its Rule 80B Appeal brief within thirty (30) days after the service of the Plaintiff's brief. The Plaintiff shall have fourteen (14) days after service of Defendant's brief to file a reply brief. 2. To the extent anty issues are not resolved by the decision in the Rule 80B appeal and require trial, the parties shall complete all necessary discovery within four months from the date of the decision in the Rule 80B Appeal. 3. Within fourteen (14) days of the close of the discovery period, the parties shall submit to the Court a description of any factual issues to be tried and an estimate of the time necessary for trial. If no factual issues remain to be tried, the parties shall submit a suggested schedule for submission of a statement of material facts and briefs on any remaining legal issues not determined by the Rule 80B Appeal. At the direction of the Court, this Order Shall be incorporated into the docket by reference. Rule 79(a).
On 01-24-06 Copies mailed to Jennifer Archer and Mary Kahl, Esqs.
2-13-06 copy mailed to Michael Martin, Esq.

**Jan. 24**

Received 01-24-06:
Order filed. (Delahanty, J.).
It is hereby ORDERED that the Motion is granted and Interveners/Parties-in-Interest Beverly Martin, David McHugh, Nancy McHugh and Tisha Land are hereby allowed to intervene in this matter to oppose the appeal filed by V & C Enterprises, Inc.
On 01-24-06 Copies mailed to Jennifer Archer and Mary Kahl, Esqs.
2-13-06 copy mailed to Michael Martin Esq

**March 6**

Received on 03/03/06:
Plaintiff's 80B Brief with record filed.

**March 30**

Received on 03/30/06:
Defendant City of South Portland's Rule 80B Brief filed.

**Apr. 3**

Received 3-31-06.
Parties-In-Interest, Beverly Martin, David McHugh, Nancy McHugh and Tisha Land's brief filed.

**April 12**

Received on 04/12/06:
Plaintiff's 80B Reply Brief filed.